IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

**UNITED STATES OF AMERICA**

**} Criminal No. 5:15-CR-20**

**WARREN EVANS, JR.**

## SENTENCING MEMORANDUM

Comes now the defendant, Warren Evans, Jr., by counsel, and submits the following as his request for the Court to sentence him at the low end of the agreed upon sentencing range set forth in the plea agreement.

On January 12, 2005, the United States Supreme Court issued its decision in United States v. Booker, 125 S. Ct. 738 (2005). Courts are directed to employ the Guidelines in an advisory manner, while also applying the statutory facts of 18 U.S.C. § 3553(a). Ultimately, a court's sentence will be viewed under a "reasonableness" standard. Booker, 125 S. Ct. at 765-66. The Guidelines are considered by the sentencing court as only one of a number of factors set forth in §3553. Id. at 766.

The factors set forth in Title 18, U.S.C.A. 3553(a) provides in pertinent part:

The Court shall impose a sentence sufficient, ***but not greater than necessary***, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider:

(1)     the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)     the need for the sentence imposed –

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(5)     any pertinent policy statement -- (issued by the Sentencing Commission).

18 U.S.C. § 3553(a)(emphasis added).

A sentencing court should look to §18 U.S.C. 3553(a), and impose a sentence which is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in §3553(a)(2). *Gall,* at 596.   Mr. Evans agreed to a sentencing range under Rule 11(c)(1)(C) to a range of 282 (23.5 years) to 372 (31 years).   The reason for the agreement to this range was very simple. Mr. Evans would have been staring a mandatory life in prison sentence due to his prior drug history, which was primarily based upon possession of drug offenses.

Counsel does want to note one matter on the prior criminal record of Mr. Evans.   The report includes charges that were eventually dismissed that deals with murder, attempted murder and gun charges.   Mr. Evans advised counsel that a jail house "snitch" who was charged with very serious charges came up with a false story and Mr. Evans was charged.   At the preliminary hearing on said charges, the "snitch" admitted he had made up the story to try to get out of trouble himself and get his charges reduced or dismissed. The court may also notice that there are several other sets of charges were brought against Mr. Evans.   Each of those was also charged and should have never been brought.

Also, as has been noted in the Presentence Report, there is another Warren Evans, Jr. and a number of the offenses on his criminal history were actually a different individual. (PSR Paragraph 48, which notes paragraphs 37, 38, 40 and 42)

**NATURE AND CIRCUMSTANCES OF OFFENSE AND
HISTORY AND CHARACTERISTICS OF THE DEFENDANT
UNDER 18 USCA 3553(a)(1)**

The Court is familiar with the nature and circumstances of the offense as set forth in the Pre-Sentence Report that was filed. Mr. Evans became involved with Christopher Giles at an early age and for the last few years, Mr. Giles became a source of supply for heroin that was being brought into the Western District of Virginia and some of it going to West Virginia. Mr. Giles was the primary person that would obtain the heroin with Mr. Evans riding along with him during the distributions. As is noted in the Presentence Report, Mr. Giles was the person who made the vast majority of deals with Mr. Evans being present and assisting Mr. Giles in the execution of the deals.

Mr. Evans involvement in the conspiracy came after Mr. Giles had already established relationships with various individuals, a number of those being Virginia residents. The roles that each played were very different at the beginning with Mr. Giles making all the calls to the individuals he had established relationships with that were from Virginia. Over time, Mr. Evans began dealing more with Mr. Giles and the 2 of them worked more together. However, until the arrest of the Mr. Giles and Mr. Evans, Mr. Giles had the vast majority of the connections and made the vast majority of calls to set up deals. Counsel would note that, at the time of the drug bust on May 2, 2014, 18 cell phones were discovered at the residence of Mr. Giles. Those phones were used by Mr. Giles as his means of communicating with the people that he was setting up the drug deals with. Although there were some times that Mr. Evans was accepting some calls, the vast majority were made by Mr. Giles.

Counsel would also like to note that there is no evidence that any gun was ever used or brandished at anyone in this conspiracy or outside of this conspiracy. Although there is some statements by Mr. Giles that the guns were used for protection of the drugs and proceeds from the sales, no guns were ever actually used or brandished in any way.

Mr. Evans is a 39 years old and has an extensive history of being involved with the drug trade. Mr. Evans has spent a total of 4 years in prison in his life. He was shocked to learn of the severity of the sentences possible in the Federal system. Mr. Evans has written a letter to the Court and that letter is attached hereto an Exhibit.

As to specifics of the personal history of Mr. Evans, that is set out in detail on pages 19 and 20 of the Presentence Report. Counsel would point out 1 VERY significant aspect of Mr. Evans past. In speaking with Mr. Evans and reviewing his past history of drug abuse, counsel submits that MUCH of Mr. Evans life has been spent using illegal drugs on a daily basis. In speaking to Mr. Evans since his arrest, and now that he is in the federal system rather than the Maryland system, he realizes just how horrible a situation he has created for himself as well as the damage he has caused to other individuals as a result of his drug dealing.

### SENTENCING TO REFLECT FACTORS SET FORTH
### UNDER 18 USCA 3553(a)(2)

Under 18 USCA 3553(a)(2), the Court is required to look to the factors concerning the seriousness of the instant offense, provide just punishment, and promote respect for the law. Further listed are the factors of provide protection from future criminal conduct of the defendant and provide deterrence from future criminal conduct.

The defense submits to the court that a sentence at the bottom range of the stipulated range is warranted for several reasons when contemplating the factors of 3553(a)(2). In looking at the factors such as promoting respect for the law, provide deterrence, and protection of the public from future dangerousness, the defendant has made every effort after his arrest to act appropriately while incarcerated.

The defendant recognizes that he will be receiving a substantial sentence with a minimum

of 23 years 6 months.   In looking at §3553(a)(2)(D), the Court has the opportunity to provide the defendant with the first actual educational and vocational of his life. The Court also has the opportunity to provide the first actual drug counseling the defendant has ever received.

## KINDS OF SENTENCE AVAILABLE

The range of punishment the Court has available should the Court accept the plea agreement is 282 (23 years 6 months) to 372 (31 years) in the Bureau of Prisons. The Presentence Report sets forth the sentencing range and possibility of a mandatory life in prison sentence.

Mr. Evans would request as part of his sentence that he be allowed to enter the intensive drug treatment program within the Bureau of Prisons. Mr. Evans has been a heavy user of marijuana for all of his adult life and that addiction contributed substantially to the drug culture lifestyle that he has lead for many years.

## NEED FOR EDUCATIONAL AND
## VOCATIONAL TRAINING

In many of the cases that come before the court, a defendant is usually not well educated and normally do not come from affluent family situation.   He is very aware of his lack of education and the need to obtain both educational and vocational training.   His lack of education and previous inclination to avoid obtaining education contributed greatly to his current situation. Unfortunately, it has taken his arrest and potential for a substantial prison term to make him recognize that he cannot lead a life of drug dealing any longer and is looking forward to availing himself of the opportunity to obtaining a level of education or training.

The defendant is only requesting a sentence at the low end of the stipulated sentencing range to allow Mr. Evans, at some point, to become a productive citizen and the defense submits that a sentence a sentence at the low end of the range would satisfy all the factors set forth in §18 USC 3553.   In looking at §3553(a)(2)(D), the Court has the opportunity to provide the defendant

with the first actual educational and vocational of his life.    He has had some minor education in the area of masonry and woodwork, but that is very limited.   The Court also has the opportunity to provide the first actual drug counseling the defendant has ever received.

## POTENTIAL MENTAL HEALTH ISSUES

Mr. Evans found out that his mother was bi-polar and he believes that he has suffered some of the same symptoms as his mother.   His temperament during the last 15 to 20 years can be somewhat manic and he found that using marijuana would resolve at lot of the anxious feeling that he was going through.   As state earlier, Mr. Evans was using marijuana all during the time of this conspiracy and his usage was on a daily basis. Further, as the Presentence Report indicates, Mr. Evans has an extensive history of drug abuse with a variety of other drugs and will need to have that usage addressed in the prison system.

## PROMOTE RESPECT FOR THE LAW

Mr. Evans certainly admits that his past history would indicate a lack of respect for the law.   The prior criminal record of the defendant does not reflect well of him.   Notwithstanding his prior record, he would submit that one (1) thing has drastically changed his outlook on the future.   The charge with which he stands convicted carry's a substantial period of incarceration and a very real possibility of a mandatory life prison sentence.   He certainly realizes the grave consequences of his actions.   He also recognizes that the conspiracy he was involved with resulted in creating many overdoses and three (3) deaths.

The defense submits that a sentence at the bottom end of the stipulated range would promote respect for the law as a sentence of 23 plus years would have him staying in prison until after he was 63 years old.

## NEED TO AVOID UNWARRANTED DISPARITIES

**OF SIMILARLY SITUATED DEFENDANTS**

The person most closely associated with Mr. Evans is Christopher Giles. Mr. Giles received a sentence of 300 months (25 years). As set forth above, the manner in which the conspiracy operated was that Mr. Giles was the primary purchaser of the heroin that flowed through the conspiracy. In almost all the instances in which heroin was distributed by Mr. Giles and Mr. Evans, the heroin was purchased by Mr. Giles and then he would meet up later with Mr. Evans and they would be together when the heroin was distributed. On many occasions, particularly in the beginning of the conspiracy, Mr. Evans was not involved at all with specific distributions.

The defense would ask the Court sentence Mr. Evans to a term at the low end of the stipulated sentencing range, specifically to 282 (23.5 years). At 39 years old, such a sentencing would keep Mr. Evans incarcerated until he reaches the age of 63 years of age. The defense submits that a sentence above that range, given all the factors a sentencing court should consider, would render him unable to be a productive citizen in the future.

**REQUEST FOR CONCURRENT SENTENCE**

Mr. Evans currently has a pending state charges in Baltimore County, Baltimore, Maryland. Those charges are part of this federal prosecution. The defense requests that this Court enter as part of the sentencing order that any sentence from this Court be run concurrently with the time he may receive for the charges that are pending in Baltimore County, Maryland.

**CONCLUSION**

Therefore, the defendant based upon the foregoing, requests the Court to give a sentence below the applicable sentencing guidelines.

**WITNESSES AND EXHIBITS**

The defense anticipates calling Kim Evans as a witness for sentencing.   A letter written by Mr. Evans is attached hereto as an Exhibit.

## REQUEST FOR PLACEMENT

The defendant requests that he be allowed to serve his sentence in the Cumberland Maryland prison. His second request if not sentenced to Cumberland Maryland would be to serve his sentence in the Allenwood, Pennsylvania prison.

Respectfully submitted,

**WARREN EVANS, JR.**
By Counsel

/S/ R. Darren Bostic
R. Darren Bostic, Esq.
Bostic & Bostic, PC
409 Virginia Avenue
Harrisonburg, Va. 22802
(540) 432-1119
Va. State Bar #:   33586
Counsel for Defendant

## C E R T I F I C A T E

I hereby certify that I have electronically filed the foregoing document with the Clerk of Federal Court using the CM/ECF system which will send notification of such filing to all counsel of record this 9th day of June, 2016.

/S/ R. Darren Bostic
R. Darren Bostic, Esq.
Bostic & Bostic, PC
409 Virginia Avenue
Harrisonburg, Va. 22802
(540) 432-1119
Va. State Bar #:   33586