CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

FEB 21 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

WARREN EVANS, Jr.,
Movant,

v.                                    Case No. 5:15-cr-00020-MFU-1

UNITED STATES OF AMERICA,
Respondent,

---

MOTION REQUESTING TO FILE BELATED DIRECT APPEAL BECAUSE
OF PETITIONERS ATTORNEY FAILURE TO DO SO AFTER PETITIONER
REQUESTED HIM/HER TO DO SO WHICH IS A ROE v. FLORES-ORTEGA,
528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)
VIOLATION OF PETITIONERS RIGHTS.

---

COMES NOW, the Petitioner, Warren Evans, Jr., (hereinafter) referred to as the defendant, pro-se, in the above styled and captioned cause and respectfully submit this Motion Requesting To File A Belated Direct Appeal Because of petitioners Attorney Failure To Do So after Petitioner Requested Him/Her To Do So which is a Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) violation of petitioners Rights.

### JURISDICTION

This Honorable Court is vested with the jurisdiction and the discretionary authority to address and grant the requested relief sought.

### PRELIMINARY STATEMENT OF FACTS & PROCEDURAL HISTORY

Movant's conviction arises from an incident that occurred on March 20, 2014. On the day of July 6, 2015, a arrest warrant was issued for movant for; Count (1) 21:846=CD.F Conspiracy to Distribute controlled Substance-21:846, 841(b)(1)(A) and 841(b)(1)(C)- heroin, cocaine base "crack" (10/2014), Count (2) 21:846=CD.F- Conspiracy to Distribute

Controlled Substance-heroin death-21:846 and 841(b)(1)(C) (10/2014), and the Complaints: 21:846=CD.F- Conspiracy To Distribute A Controlled Substance-21:846. 841(1)(1) & (b)(1)(C)-HEROIN (10/17/2014). On June 24, 2015, Movant was Arrested, and charged with the above stated charges in which one was the Death of one of his drugs sales.

Petitioner brings to this Honorable Court a violation of his Constitutional Rights because his then Attorney; R. Darren Bostic, Esq. failure to file a Direct Appeal after he was requested to do so by petitioner.

It is clearly stated in Montemoino v. United States, 68 F.3d 416 (11th Cir. 1995) stating; (failure to file Notice of Appeal after requested by defendant), also Martin v. United States, 81 F.3d 1083 (11th Cir. 1996) stating; (counsel failed to file a Notice of Appeal when requested to do so by the defendant). By petitioners Attorneys failure to file a timely appeal violates petitioners due process right to the court because his actions alone cause petitioner case to end where his Attorney left him at.

Although petitioners Attorney withdrew after the case ended caused the due process violation. Due Process does require that a pro-se defendant have access to legal resources. See Bounds v. Smith, 430 U.S. 817, 828 (1977) ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries of adequate assistance from persons trained in the law."); see United States v. Kind, 194 F.3d 900, 905 (8th Cir. 1999)(defendant has due process right of access to legal resources). Beacause of petitioners counsels failure to file his Notice of Appeal, and also knowing that petitioner was leaving to go to Federal prison to start his Federal prison sentence.

Petitioner continued to argue with his Attorney; R. Darren Bostic, Esq. concerning the Autopsy Report, and why was it taking so long for the report to come back.

After receiving the requested records from my Attorney; R. Darren Bostic, Esq., we spoke about the contents of the report, and this was in the month of August 2017.

In the month of August, 2017, I received a letter from my Attorney R. Darren Bostic, in response to the letter I had wrote to him concerning a copy of the Autopsy report, and after reading over the letter that's when I notice that it was a mixture of drugs that took the life of the victim in this case.

When petitioner contacted his Attorney R. Darren Bostic petitioner ask within his letter if his Attorney was aware of Burrage v. United States, 134 S.Ct. 881, 187 L.Ed. 2d 715 (2014), in which petitioner ask him why didn't he use this case to argue his case?

Petitioner also ask his Attorney if he was aware of Tiofila Santillana v. Jody Upton, 846 F.3d 779; 2017 U.S. App. LEXIS 747. See Exhibit (A) of this Motion which is the response letter from my Attorney which mention that it was a second Autopsy report that I had no knowledge of until I receive this letter. This letter was sent August 13, 2017.

Also I would like for you to review the second letter, and reports that my Attorney sent to me June 17, 2018, in which it contain copies of the autopsy report, and it proves that my Attorney didn't inform me of this until this time, see Exhibit (B).

Because of petitioners counsels failure to file his Notice of Appeal, and also knowing that petitioner was going to Federal prison left petitioner with [No] Federal resources.

The actions of petitioners Attorney is clearly a Roe v. Flores-Ortega, 528 U.S. 470, 483-84 (2000) (prejudice presumed where defendant demonstrates reasonable probability that but for Counsel's deficient failure to consult defendant about an appeal, counsel would have timely appealed) also Smith v. Robbins, 528 U.S. 259, 287 (2000) (3 categories of cases in which prejudice is presumed: (1) denial of counsel; (2) where counsel is burdened by an actual conflict of interest; and (3) various kinds of State interference).

In another very important Supreme Court case; United States v. Cronic, 466 U.S. 648, 659 (1984) (prejudice presumed where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing.").

3

It's clearly shows that petitioners counsel fail to file a Notice of Appeal as he was requested to do, and now the petitioner is now requesting this Honorable Court to allow him to file a Belated Notice of Appeal. A lawyer disregards a defendant's specific instructions to file an appeal acts in a manner that is professionally unreasonable, satisfying the first prong of the <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) test citing out of <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). In <u>Campusano v. United States</u>, 442 F.3d 770 (2006) (holding that "where counsel does not file a requested Notice of Appeal and fails to file an adequate Anders brief [arguing that an appeal would be frivolous], courts may not dismiss the hypothetical appeal as frivolous on collateral review.").

The Supreme Court established a three-step analytical framework to be applied assessing ineffective assistance of counsel claims predicated upon counsel's failure to file a notice of appeal on the defendant's behalf. Under <u>Flores-Ortega</u>, courts first must establish whether a defendant requested that his attorney file a notice of appeal.

If such a request were made and disregarded, then counsel acted in a manner that was per se professionally unreasonable.

If, however, the defendant neither instructs counsel to file an appeal nor asks that anappeal not be taken, courts must then determine whether counsel "consulted" with the defendant about an appeal.

In this context, the term "consult" means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes."

If counsel has consulted with the defendant..."then counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal."

4

If however, counsel fails to consult with the defendant, then "the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." In this final category of cases, the Court "reject[ed] a bright-line rule that counsel must always consult with the defendant regarding an appeal." Rather, the Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." See Roe v. Flores-Ortega, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). Well, petitioner thought that he was doing right by requesting his Attorney to file an Appeal on his behalf, and that his Attorney would follow his request to appeal.

The Supreme Court has rejected attempts to explain this "actual or constructive assistance of counsel" category to presume prejudice where (1) counsel failed to file notice of appeal without defendant's consent, Flores-Ortega, 528 U.S. at 484, and (2) counsel neglected to file a merits brief for appeal, Robbins, 528 U.S. at 288-89.

In both instances, the Court has required satisfaction of both the performance and prejudice prongs to sustain an ineffective assistance claim. See Flores-Ortega, 528 U.S. at 484; Robbins, 528 U.S. at 288-89.

## PRESENTENCE REPORT RELIEF

See United States v. Daniels, 821 F.2d 76, 80 (1st Cir. 1987) and United States v. Blackner, 721 F.2d 703, 708 (10th Cir. 1983).

There cannot be an entry of a plea with specificity without a complete understanding of the impact of the (PSI Report) and its content, in sentencing Presentence Report and Presentence Investigation can not be use as evidence, specific finding in the (PSI-PSR)

5

are use only for the background history of a convicted felon. In petitioners case here, he made a plea in court, but not knowing that there was two (2) different autopsy reports in which it clearly shows that the victim had more then one drug within her body.

Petitioner ask his Attorney about two (2) very important cases in which explain the correct way of dealing with a problem such as this; see Burrage v. United States, 134 S.Ct. 881, 187 L.Ed.2d 715 (2014) and Tiofila Santillana v. Jody Upton, 846 F.3d 779; 2017 U.S. App. LEXIS 747.

This information should have been file within this Honorable Court for review before given to the Probation Officer after the court made a ruling concerning this issue.

Petitioner would like to cite this last United States Supreme Court case which hopefully will cover all of the mistakes that may be within this motion. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972);

> pro-se litigants are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers; if the court can reasonably read pleadings to state a valid claim on which litigant could prevail it should do so despite failure to cite proper legal authority, confusion of legal theories, poor theories, poor syntax, and sentence construction, or litigant's unfamiliarity with (legal) pleading requirements; Hughes v. Rowe, 449 U.S. 5 (1980); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## CONCLUSION

Because of the violations that was done to petitioner concerning his Attorneys failure to file a Notice of Appeal, petitioner Prays that this Honorable Court will grant his request, and give him the opportunity to be heard in the United States Court of Appeals For The Fourth Circuit.

/s/ Warren Evans

Warren Evans Jr. #58902-037 Pro-Se
Federal Correctional Complex-USP 1
P.O. Box 1033
Coleman, Florida 33521

Date 2/13/19

# CERTIFICATE OF SERVICE

I, Warren Evans Jr., pro-se, do hereby certify under the penalty of perjury (28 USC § 1746) that I have served a true and correct copy of the following document(s): <u>MOTION REQUESTING TO FILE A BELATED DIRECT APPEAL BECAUSE OF PETITIONERS ATTORNEY FAILURE TO DO SO AFTER PETITIONER REQUESTED HIM TO DO SO WHICH IS A ROE v. FLORES-ORTEGA, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) VIOLATION OF PETITIONERS RIGHTS.</u>

Which, pursuant to <u>Houston v. Lack</u>, 487 U.S. 266, 101 L.Ed.2d 245, 108 S.Ct. 2379 (1988), deemed filed at the time it was delivered to prison authorities for forwarding to the court and service upon parties to litigation and/or their attorney(s) of record.

I have placed the material referenced above in a properly sealed envelope with first-class postage (stamps) affixed and address it to:

1. United States Court of Appeals
   For The Fourth Circuit
   Clerk of The Courts
   Lewis F. Powell
   1100 East Main St. Suite 501
   Richmond, VA 23219

2. United States District Court
   Office of The Clerk
   116 N. Main Street, Room 314
   Harrisonburg, VA 22802

3. United States Attorney's Office
   Elizabeth Wright
   116 N. Main St. Room 130
   Harrisonburg, VA 22802

Petitioner is filing three (3) copies of said motion within the Clerk's Office of the Court of Appeals, and petitioner is also forwarding one (1) copy of said motion to the United States Attorney's Office to: Elizabeth Wright, and one (1) copy of said motion to the District Courts Clerk. Petitioner place said document(s) in the United States Postal Service via the legal mailbox here at the United States Peniteniary, USP 1, Coleman, Florida.

By: *Warren Evans*

Mr. Warren Evans Jr. #58902-037 Pro-Se

2/13/19
Date