CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR - 4 2019

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 5:15cr00020-1 |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARREN EVANS, JR., | ) | By: Michael F. Urbanski |
| Petitioner. | ) | Chief United States District Judge |

By judgment entered June 16, 2016, the court convicted Evans of conspiring to distribute heroin, cocaine base, and cocaine hydrochloride; and conspiring to distribute heroin, the use of which resulted in serious bodily injury and death, all in violation of 21 U.S.C. § 846. This matter is currently before the court on Evans' motion for an extension of time to file a direct appeal (ECF No. 64), filed in February 2019. In criminal cases, a defendant generally must file a notice of appeal within fourteen days after the later of the entry of judgment or the filing of the government's notice of appeal. Fed. R. App. P. 4(b)(1)(A). However, upon a showing of excusable neglect or good cause, the district court may extend the time in which to file a notice of appeal to no more than 30 days after the time for filing a notice of appeal expired. Fed. R. App. P. 4(b)(4). In this case, the motion for an extension was filed well beyond the time frame in which the district court is permitted to extend the time to file a notice of appeal. Accordingly, it is hereby **ORDERED** that Evans' motion for an extension is **DENIED**. However, inasmuch as it appears that Evans is attempting to challenge his conviction and/or sentence based on the alleged ineffective assistance of counsel, he is hereby notified that the court intends to address the motion as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255.

Under a decision by the Supreme Court of the United States, the court must offer Evans

1

an opportunity to elect whether or not he wishes the court to address the document as a motion arising under § 2255. See Castro v. United States, 540 U.S. 375 (2003). Pursuant to Castro, the court must advise Evans of certain circumstances. First, a federal inmate who wishes to file a § 2255 motion must normally do so within one year of the date upon which the judgment becomes final upon completion of direct appeal proceedings. 28 U.S.C. § 2255(f). If the defendant does not appeal the trial court's judgment, the judgment generally becomes final fourteen days after entry of final judgment when the defendant's opportunity to appeal expires. See Fed. R. App. P. 4(b). If the defendant does appeal, the judgment becomes final ninety days from the date of the United States Court of Appeals for the Fourth Circuit's judgment affirming the judgment or on the date when the United States Supreme Court makes its final decision in any certiorari proceedings a defendant may pursue. See Clay v. United States, 537 U.S. 522, 524-25 (2003). Occasionally, a petitioner may demonstrate circumstances requiring the court to calculate the one year statute of limitations from a different date, such as the date upon which petitioner discovers new evidence or the date on which a new rule of law applicable to petitioner's case was recognized by the Supreme Court.[1]

Second, once a petitioner has filed one § 2255 motion challenging a conviction and/or sentence, a petitioner must apply for certification from the United States Court of Appeals for the

---

[1] Paragraph (f) of § 2255 reads as follows:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Fourth Circuit in order to file a second or subsequent § 2255 motion as to the same conviction and/or sentence.[2] In light of this limitation on filing successive § 2255 motions, the court advises Evans that if he elects to have the court address the motion as a § 2255 motion, he may also wish to include any other necessary claim upon which he believes the judgment is invalid or unconstitutional. However, if Evans has additional grounds and fails to amend, such claims raised in a later § 2255 motion would be dismissed as successive unless Evans first received certification from the United States Court of Appeals for the Fourth Circuit to file a successive motion. Moreover, Rule 2(b) of the Rules Governing § 2255 Proceedings requires a motion to vacate under § 2255 to be signed under penalty of perjury and to substantially follow the standard form. Accordingly, it is further **ORDERED** that:

1. The motion (ECF No. 64) is hereby **CONDITIONALLY FILED as a § 2255 motion** and Evans is hereby **DIRECTED** to submit to the court within fourteen days from the entry of this Order either a) an objection to the court's intention to address the letter as a motion pursuant to § 2255, or b) a completed § 2255 motion form (**ENCLOSED**) signed under penalty of perjury to have the court consider the claims under § 2255. **Evans' failure to comply with this order will result in the dismissal of the conditionally filed § 2255 action without prejudice.**

---

[2] Paragraph (h) of § 2255 reads as follows:
    A second or successive motion must be certified as provided in [28 U.S.C. §] 2244 by a panel of the appropriate court of appeals to contain--
        (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
        (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

2. Evans shall notify the court immediately upon petitioner's transfer or release and shall provide a new address, and failure to notify the court of such a change of address will result in dismissal of this case.

3. Evans is advised that he must include the above referenced case number in any document that plaintiff submits to the court related to this action. All submissions must be legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the page. In any document submitted to the court, pursuant to Local Rule 8 and the Federal Rules of Civil Procedure, plaintiff must omit, black out, or abbreviate personal data identifiers as follows: social security numbers (use only the last four digits), names of minor children (use initials), dates of birth (list only the birth year), financial account numbers (list only the last four digits), and home addresses (list only city and state). Submissions that do not comply with this paragraph may be returned to petitioner without being entered by the court. All mailed pleadings should be sent to: Clerk, U.S. District Court, 210 Franklin Road, SW, Suite 540, Roanoke, VA 24011-2208.

4. In accordance with a Standing Order of the Court, all non-dispositive matters in this case are referred to a United States Magistrate Judge.

5. The Clerk shall send a copy of this order to petitioner.

ENTER: This 3rd day of ~~March~~ Apr 1, 2019.

/s/ Michael F. Urbanski
Chief United States District Judge