## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:15-cr-00020 |
| | ) |
| v. | ) |
| | ) |
| | ) |
| WARREN EVANS, JR., | ) By:  Michael F. Urbanski |
| | ) Chief United States District Judge |
| Petitioner | ) |

## MEMORANDUM OPINION

This matter comes before the court on a pro se motion for compassionate release filed by Warren Evans, Jr., pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 104. Evans also alleges that he is entitled to a sentence reduction pursuant to Amendments 742 and 782 of the United States Sentencing Guidelines. The Federal Public Defender was given an opportunity to file a supplemental motion but declined to do so. ECF Nos. 106, 112. On January 6, 2023, the government filed its response in opposition. ECF No. 113. For the reasons discussed below, the court will **DENY** Evans' motion for compassionate release and his request for a reduction in his sentence based on Amendments 742 and 782.

### I. Background

On July 21, 2015, Evans was indicted on one count of conspiring to distribute and possess with intent to distribute 1,000 grams or more of heroin, 280 grams or more of cocaine base (crack), and a detectable amount of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C) (Count 1). He also was indicted on one count of conspiracy to distribute heroin, the use of which resulted in the serious bodily injury and death of R.F.L., in

violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count 2). Indictment, ECF No. 18. Count 1 carried a statutory sentence of 10 years to life and Count 2 carried a statutory sentence of 20 years to life.

On January 27, 2016, Evans entered into a Rule 11(c)(1)(C) plea agreement in which he pled guilty to both counts in exchange for a sentence of between 282 and 372 months. In the plea agreement he acknowledged that if he were convicted on Count 2, or if he were convicted on Count 1 of a 1,000-gram heroin or 280-gram crack conspiracy, and the government pursued a notice against him under 21 U.S.C. § 851 based on his prior qualifying drug convictions, that he would be subject to a mandatory minimum term of imprisonment of life. Plea Agreement, ECF No. 38 at 1-2. He also stipulated that under U.S. SENT'G COMM'N, GUIDELINES MANUAL §§ 2D1.1(a)(2) and 2D1.1(b)(1) (USSG or guidelines), his base offense level would be 38 based on the death and serious bodily injury charge, increased by two points because he had a firearm. Id. at 4. He acknowledged that he potentially would be subject to a base offense level of 43 pursuant to USSG § 2D1.1(a)(1) based on his prior drug convictions and that he could be treated as a "career offender" under the guidelines if the court determined that he had at least two prior convictions for felony drug convictions or crimes of violence. Id.

Evans entered his guilty plea the same day. ECF No. 41. On June 15, 2016, Evans was sentenced to 372 months on each count, to run concurrently, and to be followed by a 5-year term of supervised release. J., ECF No. 53. Evans filed a notice of appeal, ECF No. 66, which was dismissed as untimely, ECF No. 74, and a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255, which also was dismissed as untimely, and in the alternative, on the merits. ECF

Nos. 82, 95, 96. Evans currently is incarcerated at Federal Correctional Institution Schuylkill and has a projected release date of January 30, 2042.[1]

## II. Compassionate Release

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Evans' requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Warren Evans") (last viewed Dec. 7, 2023).

requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and <u>either</u> fully exhausts all administrative rights to appeal the Bureau's decision <u>or</u> waits 30 days from the date of their initial request to file a motion in the district court." <u>Id.</u> at 131. Evans submitted a request for the warden of his facility to pursue compassionate release on his behalf and the request was denied on May 13, 2022. ECF No. 113-1. Evans filed his motion for compassionate release more than 30 days later, on July 1, 2022. ECF No. 104. The government does not contest that Evans has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Resp., ECF No. 113 at 7. Accordingly, the court finds that Evans has satisfied the statute's exhaustion requirement.

The court next must consider whether it should reduce the term of imprisonment. The United States Sentencing Commission recently amended the section of the guidelines that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that "extraordinary and compelling reasons" warrant a reduction. <u>See</u> USSG § 1B1.13 (Nov. 2023). The revised guidelines will be applied to Evans' motion.

**A. Career Offender Designation**

Evans argues that if he were sentenced for the same offense today as he was in 2016, his sentence would be substantially shorter and the disparity in the two sentences presents an extraordinary and compelling reason for a sentence reduction. The revised guidelines provide that a defendant is eligible for a sentence reduction if he can show the following:

> (6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made

4

retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

(c) Limitation on Changes in Law.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

USSG §§ 1B1.13 (b)(6) and (c).

In Evans' case, he has not yet served more than 10 years of the 372-month sentence imposed pursuant to the Rule 11(c)(1)(C) plea agreement. Therefore, under the plain language of USSG §§ 1B1.13(b)(6), he cannot show an extraordinary and compelling reason for a sentence reduction. However, even if Evans met the threshold requirement of having served 10 years, he still would not be eligible for a sentence reduction.

At the time Evans was sentenced, he was eligible for designation as a career offender. Under USSG §4B1.1, a defendant is designated a career offender if the following conditions apply:

(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

(emphasis added). "Controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance ... or the possession of a controlled substance ... with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b).

In United States v. Norman, 935 F.3d 232 (4th Cir. 2019), decided after Evans was sentenced, the Fourth Circuit held that convictions for conspiracy to distribute drugs are no longer considered controlled substance offenses under USSG § 4B1.2. The court reasoned that because the "generic, contemporary meaning" of "conspiracy" requires an overt act, and "conspiracy" under § 846 does not require an overt act, § 846 criminalizes a broader range of conduct than that covered by generic conspiracy. Id. at 236–38. Accordingly, today, a conviction for conspiracy to distribute drugs would not be considered a controlled substance offense and therefore would not satisfy the requirements of USSG §4B1.1(2).

However, although Evans was eligible to be sentenced as a career offender in 2016, he was not sentenced as a career offender. Rather, his sentence was calculated under USSG § 2D1.1(a)(2), based on his Count 2 conviction for conspiracy to distribute heroin, the use of which resulted in the serious bodily injury and death of R.F.L., in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Pre-Sentence Investigation Report (PSR), ECF No. 55 ¶¶ 20, 26. That guideline provides for a base offense level of 38 if the defendant is convicted under 21 U.S.C. § 841(b)(1)(C) and the offense of conviction establishes that death or serious bodily injury

resulted from the use of the substance. USSG § 2D1.1(a)(2).[2] If Evans were sentenced for the same offense today, that guideline would continue to apply. Therefore, although Norman changed the criteria for which offenses can serve as predicates when applying the career offender guideline, the change did not produce a gross disparity between the sentence Evans is serving and the sentence that likely would have been imposed at the time he filed his motion. In Evans' case he would still be sentenced under USSG § 2D1.1(a)(2) and his sentence would likely remain the same. Accordingly, Evans cannot make out a compassionate release case based on a change in law.

### B. Effect of Burrage

Evans also argues that after the Fourth Circuit decision in Burrage v. United States, 134 S.Ct. 881 (2014), the government is required to show that the heroin he supplied to the victim, R.F.L., was the "but for" cause of her death. He appears to argue that the Burrage decision brought about a change that qualifies as an extraordinary and compelling reason for a sentence reduction. However, the Fourth Circuit held in United States v. Ferguson, 55 F.4th 262 (4th Cir. 2022), that challenges to an underlying conviction and sentence cannot be brought in a compassionate release motion. Rather, such motions can only be brought via a motion pursuant to 28 U.S.C. § 2255, or, when appropriate, 28 U.S.C. § 2241. Id. at 266.

The court distinguished an attack on the validity of an underlying conviction or sentence from the argument that a change in the sentencing law that occurred after sentencing but did not apply retroactively merited a reduction in a later sentence to conform to that

---

[2] Had Evans been sentenced as a career offender, his base offense level would have been 37. PSR, ECF No. 55 ¶ 26; USSG §4B1.1.

change. Ferguson, 55 F.4th at 271 (citing United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020)). An argument that requires the court to examine whether the original conviction, sentence, or both, were valid at the time they were imposed should be brought via a § 2255 petition. Id.; see also In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255.")

As Evans is arguing here that the government did not prove that the drugs he supplied to the victim, R.F.L., were the "but for" cause of her death, he is challenging his original conviction. As in Ferguson, he cannot do so via this compassionate release petition. Rather, any challenge to his conviction and sentence can only be brought on direct appeal, or in a motion for habeas corpus relief. Accordingly, his request for compassionate release based on his argument that Burrage requires the government to prove that the drugs he supplied R.F.L. were the "but for" cause of her death must be **DENIED**.[3]

### III. Guidelines Amendments

Evans also argues that he is entitled to a sentence reduction pursuant to Amendments 742 and 782 to the sentencing guidelines. Amendment 742 eliminated USSG § 4A1.1(e), a guideline provision that added one or two points to a defendant's criminal history when the defendant committed the current offense within two years of being released from a term of

---

[3] The court notes that Evans challenged his conviction and made his Burrage argument in a § 2255 motion filed on January 12, 2021. ECF No. 82. The court addressed his Burrage claim in the context of Evans' argument that he received ineffective assistance of counsel because his attorney did not argue that he should not have been convicted under § 841(b)(1)(C) based on the autopsy report on R.F.L.'s death. The court found that the pathologist report confirmed that R.F.L. died from a lethal dose of heroin and that the holding in Burrage offered him no relief. Mem. Op., ECF No. 95 at 9–10.

imprisonment of at least 60 days. See USSG Supp. App. C. amend. 742 (Nov. 1, 2010); United States v. Boone, No. 3:08CR026, 2010 WL 4853289, at *1 (E.D. Va. Nov. 23, 2010). Amendment 742 became effective on November 1, 2010. Boone, 2010 WL 4853289, at *1.

Amendment 782 reduced by two levels those offense levels assigned to drug quantities in USSG §§ 2D1.1 and 2D1.11. USSG App. C amend. 782 (2014). The amendment was issued on November 1, 2014, but the United States Sentencing Commission made Amendment 782 apply retroactively by listing it in subsection (d) of § 1B1.10 of the guidelines manual. United States v. Muldrow, 844 F.3d 434, 436 (4th Cir. 2016). Therefore, defendants who were sentenced before Amendment 782 was adopted can move for a reduction in their sentence if it was based on drug weight.

Evans was sentenced in 2016, and "[t]he 2015 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level." PSR, ECF No. 55 ¶ 18. Therefore, Evans has received the benefit of Amendments 742 and 782 and an additional reduction in his sentence is not warranted. Accordingly, his motion for a sentence reduction based on Amendments 742 and 782 is **DENIED**.[4]

**IV. Conclusion**

For the reasons stated, the court **DENIES** Evans' motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), ECF No. 104. The Clerk is directed to send a copy of this opinion and the accompanying order to Evans.

---

[4] Because the court determines that Evans is not eligible for compassionate release, it does not address the 18 U.S.C. § 3553(a) factors.

An appropriate Order will be entered.

Entered: 12/14/2023

Michael F. Urbanski
Chief United States District Judge