IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DISTRICT. COURT
AT ROANOKE, VA
FILED

MAR 13 2025

LAURA A. AUSTIN, CLERK
BY: M. POFF
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 5:15-cr-00020 |
| v. | ) |
| | ) |
| WARREN EVANS, JR., | ) By: Michael F. Urbanski |
| | ) Senior United States District Judge |
| Petitioner | ) |

## MEMORANDUM OPINION

Petitioner Warren Evans, Jr., has filed a second motion for a sentence reduction under 18 U.S.C. §§ 3582(c)(1)(A) and (c)(2). ECF No. 131. The Federal Public Defender was given an opportunity to file a supplemental motion on Evans' behalf but declined to do so. ECF Nos. 132, 133. For the reasons discussed below, the court will **DENY** Evans' motion for a sentence reduction.

### I. Background

On July 21, 2015, Evans was indicted on one count of conspiring to distribute and possess with intent to distribute 1,000 grams or more of heroin, 280 grams or more of cocaine base (crack), and a detectable amount of cocaine powder, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C) (Count 1). He also was indicted on one count of conspiracy to distribute heroin, the use of which resulted in the serious bodily injury and death of R.F.L., in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count 2). Indictment, ECF No. 18. Count 1 carried a statutory sentence of 10 years to life and Count 2 carried a statutory sentence of 20 years to life.

On January 27, 2016, Evans entered into a Rule 11(c)(1)(C) plea agreement in which he pled guilty to both counts in exchange for a sentence of between 282 and 372 months. In the plea agreement he acknowledged that if he were convicted on Count 2, or if he were convicted on Count 1 of a 1,000-gram heroin or 280-gram crack conspiracy, and the government pursued a notice against him under 21 U.S.C. § 851 based on his prior qualifying drug convictions, that he would be subject to a mandatory minimum term of imprisonment of life. Plea Agreement, ECF No. 38 at 1-2. He also stipulated that under U.S. SENT'G COMM'N, GUIDELINES MANUAL §§ 2D1.1(a)(2) and 2D1.1(b)(1) (USSG or guidelines), his base offense level would be 38 based on the death and serious bodily injury charge, increased by two points because he had a firearm. Id. at 4. He acknowledged that he potentially would be subject to a base offense level of 43 pursuant to USSG § 2D1.1(a)(1) based on his prior drug convictions and that he could be treated as a "career offender" under the guidelines if the court determined that he had at least two prior convictions for felony drug convictions or crimes of violence. Id.

Evans entered his guilty plea the same day. ECF No. 41. On June 15, 2016, Evans was sentenced to 372 months on each count, to run concurrently, and to be followed by a 5-year term of supervised release. J., ECF No. 53. Evans filed a notice of appeal, ECF No. 66, which was dismissed as untimely, ECF No. 74, and a motion for habeas corpus relief pursuant to 28 U.S.C. § 2255, which also was dismissed as untimely, and in the alternative, on the merits. ECF Nos. 82, 95, 96. On January 17, 2025, Evans was granted clemency by President Joseph Biden.

Evans currently is incarcerated at United States Penitentiary Hazelton and has a projected release date of July 16, 2025.[1]

## II. Amendment 782

Evans argues that he is entitled to a sentence reduction pursuant to 18 U.S.C. §§ 3582(c)(2) following adoption of Amendment 782 to the guidelines.[2] Amendment 782 reduced by two levels those offense levels assigned to drug quantities in USSG §§ 2D1.1 and 2D1.11. USSG App. C amend. 782 (2014). The amendment was issued on November 1, 2014, but the United States Sentencing Commission made Amendment 782 apply retroactively by listing it in subsection (d) of § 1B1.10 of the guidelines manual. United States v. Muldrow, 844 F.3d 434, 436 (4th Cir. 2016). Therefore, defendants who were sentenced before Amendment 782 was adopted can move for a reduction in their sentence if it was based on drug weight.

Evans was sentenced in 2016, and "[t]he 2015 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level." PSR, ECF No. 55 ¶ 18. Therefore, Evans has received the benefit of Amendment 782 and an additional reduction in his sentence is not warranted. Accordingly, his motion for a sentence reduction based on Amendment 782 is **DENIED**.

## III. Compassionate Release

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018 (FSA), authorizes courts to modify terms of imprisonment as follows:

---

[1] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search term "Warren Evans") (last viewed Mar. 10, 2025).
[2] Evans made this same argument in his first motion for a sentence reduction and the court denied it. See ECF Nos. 104 at 3 and 117 at 8-9.

3

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Evans' requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129–30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131.

This is Evans' second motion for a sentence reduction based on his allegation that extraordinary and compelling reasons warrant compassionate release. While Evans did not address whether he exhausted his administrative remedies in the pending motion, he did fulfill

4

the exhaustion requirement when he filed his first motion for compassionate release. ECF No. 113-1. Because it is clear that Evans is not entitled to a sentence reduction, the court will not address whether Evans should have sought to exhaust his administrative remedies a second time, and for purposes of this motion, it will be assumed that his claim is exhausted.

The court next must consider whether it should reduce the term of imprisonment. Effective November 1, 2023, the United States Sentencing Commission amended the section of the guidelines that addresses motions for sentence reduction under 18 U.S.C. § 3582(c)(1)(A) when a defendant alleges that "extraordinary and compelling reasons" warrant a reduction. See USSG § 1B1.13 (Nov. 2023).

The relevant revised guideline provides the following:

> **Rehabilitation of the Defendant**—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

USSG § 1B1.13(d). Evans argues that he is entitled to compassionate release based on his efforts at rehabilitation. He has completed 47 programs offered by the Bureau of Prisons and is continuing to participate in other programs as they become available. In addition, he has a great deal of support from his family who has seen the positive changes in him since he has been incarcerated. However, while Evans' efforts at rehabilitation are impressive, without showing an extraordinary and compelling ground for a sentence reduction based on a reason listed under USSG § 1B1.13, he cannot show that he is entitled to a sentence reduction under

18 U.S.C. § 3582(c)(1)(A). As he has not done so, his motion for a sentence reduction must be **DENIED**.

Because Evans' motion is **DENIED** on the merits, the court will not address the § 3553(a) factors. See United States v. Bethea, 54 F.4th 826, 833 (4th Cir. 2022) (describing the "extraordinary and compelling" reasons for relief as a threshold for eligibility); United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021) ("[D]istrict courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.")

### IV. Conclusion

For the reasons stated, the court **DENIES** Evans' motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and (c)(2). ECF No. 131. The Clerk is directed to send a copy of this opinion and the accompanying order to Evans.

An appropriate Order will be entered.

Entered: March 12, 2025

Michael F. Urbanski
Senior United States District Judge